UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RALPH SANDERS                                                                                            PLAINTIFF

V.                                                                     CIVIL ACTION NO. 4:11-cv-00013-FKB

MARGENT DONALD, VENESSA PAYNE AND JAMES CREER                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' Motion for Summary Judgment (Docket No. 21).  Having considered the motion and supporting memorandum, and having heard Plaintiff's testimony at the Spears hearing[1] in this matter, the Court concludes that the motion should be granted.

Sanders filed this action pursuant to 42 U.S.C. § 1983 contending that while he was incarcerated at the Kemper Neshoba Regional Correctional Facility as a pretrial detainee, prison officials interfered with his right of access to the courts.  His specific allegations, as set forth in the complaint and clarified at the Spears hearing, are that Defendant Margaret  Donald (incorrectly identified as Margent Donald) denied him legal forms and failed to respond to his grievances, that Defendant Venessa Payne, the supervisor of the mail department,  refused his "hand mail," and opened a piece of his legal mail, and that  Defendant James Creer refused to let Plaintiff talk with Defendant Donald regarding a problem in obtaining the proper signature for his in forma pauperis application in the instant case.  At the Spears hearing, the chief complaint articulated by Sanders was that Defendant Donald had caused a delay in his acquiring in forma

---

[1]The Court held what is known as a "Spears hearing," during which Plaintiff was given the  opportunity to fully explain his claim against Defendants.  Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

pauperis[2] status ("IFP") by initially failing to sign the application

Defendants have moved for summary judgment on the basis of qualified immunity. The analysis of this defense involves two inquiries: Whether Defendants violated a clearly established constitutional right of Plaintiff, and, if so, whether Defendants' conduct was objectively unreasonable in light of the clearly established law at the time. Pearson v. Callahan, 555 U.S. 223, 232 (2009). A court may consider these inquiries in any order. Id. at 236.

It is well established that access to the courts is a fundamental constitutional right and that prison officials must ensure that prisoner access to the courts is adequate, meaningful and effective. Tubwell v. Griffith, 742 F.2d 250, 252 (5th Cir. 1984). This right, however, guarantees "no particular methodology," but, rather, confers "the capability of bringing contemplated challenges to sentences of conditions of confinement before the courts." Lewis v. Casey, 518 U.S. 343, 354 (1996). Furthermore, to establish an access-to-courts violation, a plaintiff must prove an "actual injury" resulting from the officials' actions. Id. at 351-52.

In the present case, Sanders has failed to alleged any specific manner in which he was prejudiced by any of Defendants' actions. Although he claims that his in forma pauperis application in the present lawsuit was delayed by the actions or inactions of Defendants Donald and Creer, the docket does not reflect any significant delay: Sanders was granted in forma pauperis status exactly one week from the signing of his original complaint and in forma paupers application.[3] Cf. Ford v. Foti, 52 F.3d 1068 (5th Cir. 1995) (finding that plaintiff had failed to

---

[2]28 U.S.C. §1915 allows prisoners to proceed in federal court without payment of costs and fees provided certain conditions are met.

[3]Sanders signed his complaint and his initial motion to proceed in forma pauperis on January 24, 2011. They were accepted for filing by the Court on January 26, 2011, and the

show prejudice from any delay in obtaining form for filing of § 1983 action).

Sanders's claims regarding his mail and problems obtaining forms are similarly bereft of any allegation of actual injury. Plaintiff has failed to specify what forms were denied him or how he was prejudiced by any denial. With respect to Sanders's allegation that Defendant Payne opened a piece of his legal mail, Sanders has failed to specify what mail was opened; he simply states that an envelope he received was open when he got it and that Payne must have been the one who did it. See Hailey v. Savers, 240 Fed. Appx. 670, 673 (5th Cir. 2007) (observing that prisoner had failed to allege prejudice as a result of interference with his mail). Likewise, Plaintiff's allegation that Defendant Payne refused to hand-deliver a letter to the sheriff,[4] requiring Sanders to mail the letter instead, does not rise to the level of a constitutional violation. Sanders has failed to demonstrate that he was harmed in any manner by this alleged action or inaction by Defendant Payne, and Sanders testified that the sheriff received the letter the next day.

For these reasons, the Court concludes that Defendants are entitled to judgment as matter of law. Defendants' motion is hereby granted. A separate judgment will be entered.

SO ORDERED, this the 19th day of March, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

following day, an order was entered directing Plaintiff to file an application which included an completed and signed "Certificate to be Completed by Authorized Officer of Prison Accounts." The amended motion with the completed certificate was received by the Court on February 1, 2011, and the Court granted the motion on February 3, 2011.

[4]Though the complaint states the defendants refused to hand deliver a letter to the chaplain and opened it when he did put a stamp on it, at the hearing Sanders testified Officer Payne refused "hand mail" to the sheriff.